UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTTSDALE INSURANCE
COMPANY,

    Plaintiff,

v.                                    Case No.:

REYCO CONTRACTING SOLUTIONS
LLC,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff, Scottsdale Insurance Company ("Scottsdale"), hereby sues Defendant, Reyco Contracting Solutions LLC ("Reyco"), and seeks declaratory judgment for the purpose of determining a question of actual, immediate controversy among the parties.

## THE PARTIES

1.    At all times material, Scottsdale was, and still is, a foreign corporation organized and existing under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona. Scottsdale is eligible to transact insurance business in the State of Florida pursuant to the Florida Surplus Lines Law, § 626.913, Fla. Stat., et seq.

2. At all times material, Reyco was, and still is, a Florida Limited Liability Company, duly authorized and licensed to do business in the State of Florida, with its principal place of business in Escambia County, Florida. According to the available Florida Division of Corporations records, Reyco is comprised of one member, Virna L. Reynoso, who resides in Escambia County, Florida and is a citizen of the State of Florida.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the plaintiff and the defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs for this action.

4. Venue is proper United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the action occurred within this District, and the sole defendant resides in this District and is a resident of the State of Florida.

## NATURE OF THE CLAIM

5. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of construing and interpreting the terms of an insurance contract and for a determination of the rights and obligations, if any, of the parties arising from the insurance contract.

6. An actual controversy exists among the parties regarding coverage to Reyco under the insurance contract and the rights and obligations, if any, of the parties arising from the insurance contract.

7. All conditions precedent to filing this action have been performed or have occurred.

## FACTUAL ALLEGATIONS

8. An application for insurance was submitted to Scottsdale's representatives by or on behalf of Reyco on or about February 24, 2021. A copy of the February 24, 2021 application is attached hereto as **Exhibit "A"**.

9. In the February 24, 2021 application, Reyco represented the following:

> ☐ **Yes** ☒ **No**  **Do you use any scaffolding or stages in your operations?**
>
> **What is your maximum building height for working on exterior (number of stories)? 2**

(Ex. A, p. 9).

10. The application also states:

> The Applicant warrants that the above statements and particulars, together with any attached or appended documents or materials (this application), are true and complete, and do not misrepresent misstate, or omit any material facts. Furthermore, the Applicant authorizes SCIS as administrative and servicing manager, to make any investigation and inquiry in conjunction with the application as it may deem necessary. The Applicant agrees to notify SCIS of any material changes in the answers to the questions on this application which may

3

> arise prior to the effective date of our Policy issued in pursuant to this application and the Applicant understands that any outstanding quotations may be modified or withdrawn based upon such changes at the sole discretion of SCIS.
>
> The Applicant further understands that, if a Policy is issued, this Application will be incorporated into and form a part of such Policy and any false information provided in this application will result in nullification of the Policy. The Applicant understands that information contained herein is specifically relied upon by SCIS in the issuance of the Policy. The undersigned, therefore, warrants that the information contained herein is true and correct. The Applicant understands that misrepresentation or omission shall constitute grounds for either an early cancellation or denial of coverage of claims, if any. It is understood that the Applicant and or affiliated companies are under a continuing obligation to immediately notify SCIS of any material alteration of the information given….

(Ex. A, p. 11).

11. Based on the representations made by or on behalf of Reyco in the February 24, 2021 application, Scottsdale issued a commercial general liability insurance policy, Policy Number RBS0073416 ("the Primary Policy"), and a commercial excess liability insurance policy, Policy Number XLS0115971 ("the Excess Policy") (collectively, "the Policies"), for the policy period of March 5, 2021 to January 1, 2022, subject to the terms, conditions, limitations, and exclusions therein. True and correct copies of the Primary Policy and the Excess Policy are attached hereto as **Exhibits "B"** and **"C,"** respectively.

4

12. Scottsdale received notice of a claim against Reyco for damages allegedly sustained in a December 3, 2021 incident, when a project worker fell from project scaffolding being utilized by Reyco. During its investigation, Scottsdale obtained information that Reyco uses scaffolding in its operations and that Reyco's operations include buildings exceeding two stories in height.

### COUNT I – DECLARATORY JUDGMENT
### RESCISSION OF THE POLICIES

13. Scottsdale adopts and incorporates by reference the allegations set forth in paragraphs 1-12 above as though completely and fully set forth herein.

14. There is an actual, present, and existing controversy among the parties to this action whether the Policies exist or are void *ab initio*.

15. Scottsdale seeks a declaratory judgment that it may rescind the Policies due to Reyco's misrepresentations on the February 24, 2021 application for insurance.

16. Based on the representations made by or on behalf of Reyco in its application for insurance, Scottsdale issued the Policies to Reyco.

17. In its application, Reyco represented that it did not use scaffolding in its operations and that Reyco's operations were limited to work on buildings with a maximum of two stories in height.

18. These representations provided by Reyco were false and constituted misrepresentations and/or omissions regarding the scope of operations performed by

the company.

19. Reyco's misrepresentations materially altered the risk and/or hazard assumed by Scottsdale.

20. If the true facts had been known to Scottsdale, Scottsdale would not have issued the Policies or would not have issued the Policies for the same premiums.

21. Therefore, Scottsdale is entitled to rescind the Policies due to Reyco's misrepresentations and/or omissions of material fact in the application for insurance.

22. Scottsdale respectfully requests that the Court enter a declaratory judgment that Scottsdale is entitled to rescind the Policies for material misrepresentations and/or omissions made by Reyco in the application for insurance.

**WHEREFORE,** Scottsdale prays this Honorable Court enter judgment in its favor declaring that:

(a) Scottsdale is entitled to rescind the Policy Number RBS0073416 and Policy Number XLS0115971;

(b) Policy Number RBS0073416 and Policy Number XLS0115971 are void *ab initio*; and

(c) Scottsdale is entitled to any further relief this Court deems just and proper.

Dated: May 3, 2024.

Respectfully submitted,

**PHELPS DUNBAR LLP**

<u>*/s/ Mallory H. Thomas*</u>
Mallory H. Thomas, Esq.
Fla. Bar No. 112212
mallory.thomas@phelps.com
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Fax: (813) 472-7570
*Attorney for Plaintiff, Scottsdale Insurance Company*